UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                  CASE NO: 8:15-Cr-6-T-33AEP

JOHN RUSSELL RICHARDS
_____/

### DEFENDANT'S SENTENCING MEMORANDUM

COMES NOW, the Defendant, JOHN RUSSELL RICHARDS, by and through his undersigned counsel and pursuant to 18 U.S.C. § 3553(a), and files this Sentencing Memorandum for this Honorable Court's consideration.

### Legal Analysis

As the Court is well aware, the Court shall impose a sentence that is "sufficient but not greater than necessary," free from the old mandatory nature of the Federal Sentencing Guidelines, and with "wide discretion" that will not be disturbed absent an abuse of discretion. Gall v. United States, 522 U.S. 38 (2007); Kimbrough v. United States, 522 U.S. 85 (2007). It is widely recognized that courts are free to depart from the Guidelines so long as the court states sufficient justification for the extent of the departure. See United States v. Irey, 563 F.3d 1223 (11th Circuit 2009)(affirming variance from level life to 210 months in "utterly gruesome" case recognizing that sentencing is the most difficult job a district judge performs); United States v. McBride, 511 F.3d 1293 (11th Circuit 2007)(affirming variance from 151 to 188 months to 84 months in child pornography case); United States v. Clay, 483 F.3d 739 (11th Circuit 2007)(affirming 60 month sentence even though the Guidelines were 188 to 235 months based on post-offense rehabilitation).

In Pepper v. United States, 131 S.Ct. 1229 (2001), the United States Supreme Court emphasized the need for individualized sentencing, and then in United States v. Booker, 543 U.S. 220 (2005), clearly stated that the factors set-forth in 18 U.S.C. § 3553(a) must be considered in fashioning the appropriate sentence. Some of these factors include the history and characteristics of the defendant and the need to avoid unwarranted sentence disparities. See Gall v. United States and Kimbrough v. United States *supra*.

## Characteristics of the Offenses

On May 22, 2015, Mr. Richards appeared before this Honorable Court and entered a guilty plea to Count Three and Count Six of the Superseding Indictment, pursuant to a written plea agreement. Count Three charged Mr. Richards with making False Statements in the Acquisition and Distribution Book, in violation of 18 U.S.C. § 922(b)(5). Additionally, Mr. Richards pled guilty to Count Six, which charged him with Obstructing an Agency Investigation, in violation of 18 U.S.C. § 1505.

The allegations contained in the Superseding Indictment allege that, as to Count Three, Mr. Richards failed to properly document the disposition of two (2) firearms, and as to Count Six, that Mr. Richards created fictitious Form 4473s, regarding the disposition of those two (2) firearms referenced in Count Three. The specific factual allegations admitted to in the plea agreement were that Mr. Richards created three (3) fictitious Form 4473s, *after* being notified that he was the subject of an ATF investigation, but *before* turning his records over to the ATF Agent. The three (3) fictitious forms he created coincide with seven (7) false entries contained in the Acquisition and Disposition Book, which account for a total of seven (7) firearms.

In the present case, the course of conduct to which Mr. Richards has pled guilty is to the falsification of three (3) Form 4473s and making false entries in the Acquisition and Disposition

Book to coincide with the fictitious 4473s. Mr. Richards specifically admitted to conduct related to three (3) obstruction charges. The course of conduct in the present case is limited to the fictitious 4473s that were created after the ATF investigation began, but prior to turning over the records. This conduct accounts for only seven (7) firearms.

The conduct to which Mr. Richards has pled did not further or facilitate the disposition of thirty-five (35) firearms as the Government contends. Rather, the relevant conduct to be considered based upon facts of this case and the nature of the charges Mr. Richards pled to, should be limited to the disposition of seven (7) firearms.

### Characteristics of John Russell Richards

Mr. Richards is a thirty-four (34) year old single father of two (2) minor children. Despite overcoming hardships during his life, Mr. Richards remains a supportive father who is involved in the care and financial support of his children. Mr. Richards is a devoted father and maintains an amicable relationship with the mother of his children in order to provide a stable environment for his daughters to be raised.

Mr. Richards, like many defendants that come before this Court, grew up in a household with an abusive father. Mr. Richards was the second oldest of four children, and the oldest son to his father; however, Mr. Richards did not receive the same treatment from his father as did his siblings. His father was an abusive alcoholic, and growing up Mr. Richards received disparate treatment from his father; in many cases he was treated far worse than his siblings. Nevertheless, unlike many defendants that come before this Court, Mr. Richards did not become a product of the criminal justice system. He overcame the obstacles, he maintained a close relationship with his mother and his siblings during the time of abuse by his father, and he was able to become a productive citizen.

During the course of his life Mr. Richards maintained legitimate employment. He does not have a history of profiting from criminal behavior, but rather has earned a paycheck by working. It was not until 2003 when he was the victim of a hit and run accident that things became more difficult for Mr. Richards.

As a result of the accident, Mr. Richards had to have his leg amputated, and it became much more difficult for him to perform the physical work that he was accustomed to and which he knew. Based on the drastic change in his life he fell into depression and medical care and doctors became a normal way of life for him. Even in light of these issues, Mr. Richards once again returned to a life of legitimate employment as a cabinet installer prior to opening A.R. Tactical.

When Mr. Richards opened A.R. Tactical it was another attempt to earn a living to support his family. What he learned, however, was that he was not an organized person and he was unable to remain organized and could not maintain the proper business records as required by law. When ATF approached Mr. Richards to inspect his records he unfortunately did not have complete records so he created forms to account for firearms that he failed to properly account for in the Acquisition and Distribution Book. It was not an attempt to cover up a conspiracy, but rather it was a poor decision in an attempt to provide ATF with complete records. These actions are not representative of Mr. Richards' character and do not fairly give this Court an accurate background into the person that Mr. Richards was and is.

In addition to providing for his family, Mr. Richards also provided support for law enforcement in his community. While he owned A.R. Tactical, Mr. Richards would provide law enforcement with equipment, firearms, and free firearm services. Mr. Richards maintained a

working relationship with law enforcement, and as indicated, the conduct in the present case is not indicative of Mr. Richards' character.

These charges have surely been an eye opening experience for Mr. Richards. As someone coming before this Court with no prior criminal convictions, and the understanding that he is now a convicted felon that will receive a criminal punishment from this Court, there is no doubt that he understands the nature of what he has done. Future conduct must be deterred and past conduct must be punished. However, it's the nature of the individual before the Court and the nature of the offense that should determine the appropriate punishment. Imprisonment for an individual such as Mr. Richards is not the appropriate punishment. There are consequences to his actions and he will live with those consequences for the rest of his life, but there are more productive sentencing options to help Mr. Richards remain a productive member of society in order to provide for himself and his family.

## Collateral Consequences

As this Court is aware, any time a defendant is sentenced for a criminal offense there are often times collateral consequences distinct from the criminal sentence which is imposed by the Court. The effect of those consequences are exacerbated when, like in the present case, the person before this Court for sentencing has no prior criminal convictions.

While a defendant's lack of criminal history is something already considered by the sentencing guidelines, the particular effect of a felony conviction on an individual with no prior criminal history, is a unique characteristic which should be considered under 18 U.S.C. § 3553. Since high school Mr. Richards has made efforts to stay actively employed and provide for himself and his family. With a felony conviction, as this Court is well aware, employment opportunities become less abundant and harder to obtain. In addition to a criminal punishment in

this case, Mr. Richards will be faced with the everyday struggle of trying to maintain active employment and provide for his family. That is the realism that Mr. Richards will experience daily because of his choices in this case.

An appropriate sentence for a person in his position is not imprisonment, rather it is a probationary term with specific conditions that he enroll in vocational rehabilitation programs and provide regular proof that he is making efforts to obtain and maintain employment. Such a sentence will not only provide a punishment that reflects the conduct which Mr. Richards engaged in, but will also provide an adequate deterrent to any future criminal conduct. Congress has recognized that engaging in unlawful conduct requires a sufficient sentence to punish the wrongdoer, but incarcerating Mr. Richards in the present case is a punishment which is greater than necessary to accomplish the purposes of sentencing.

## **Co-Defendant Sentences**

An important function of 18 U.S.C. § 3553(a) is to prevent unwarranted sentence disparities among similar defendants who have been found guilty of similar conduct. In the present case, Mr. Richards respectfully requests that this Honorable Court take into consideration the sentences received by the co-defendants in the related cases when fashioning a reasonable sentence.

In the present case there are six (6) related cases consisting of nine (9) co-defendants. Each of these cases is laid out in the presentence report prepared by probation in this case. In related case 8:14-Cr-229-T-33AEP, Martin Winters and Michael K. Bonta were sentenced by this Honorable Court. As to Winters, this Court imposed a sentence of thirty (30) months imprisonment followed by thirty-six (36) months of supervised release. The sentence was imposed after Winters pled guilty to Making Destructive Devices and Possessing Unregistered

Destructive Devices. Along with Winters, this Court sentenced Bonta to eighteen (18) months imprisonment followed by thirty-six (36) months supervised release after he pled guilty to a single charge of Making Destructive Devices.

In addition, The Honorable Judge Richard A. Lazzara sentenced defendants in related cases 8:14-Cr-227-T-26TGW and 8:14-Cr-230-T-26TGM. In 14-Cr-230, defendant James Beebe pled guilty to a single count of Felon in Possession of a Firearm and was sentenced to eighteen (18) months imprisonment followed by twenty-four (24) months supervised release. Beebe's co-defendant, Desiree Beebe, was sentenced to thirty-six (36) months of probation after pleading to a count of Making a False Written Statement to a Firearms Dealer, in order to purchase a firearm for co-defendant Beebe.

In case 14-Cr-227, defendant Jason Swain pled guilty to a single count of Felon in Possession of a Firearm and was sentenced to thirty-six (36) months imprisonment followed by thirty-six (36) months supervised release. Swain's co-defendant, Nicholas Hall, pled guilty to a single count of Making a False Written Statement to a Firearms Dealer and was sentenced to one (1) year and a day imprisonment, followed by thirty-six (36) months supervised release.

The following related defendants received the following sentences after each pled to a single count of Making a False Written Statement to Firearms Dealer:

> 8:14-Cr-433 – Ellie Saldana (Winters' girlfriend who was involved with the River Otter Preppers and who also used her daughters' identification to complete three (3) 4473 Forms) was sentenced to thirty-six (36) months of probation by the Honorable Judge Mary S. Scriven.

> 8:14-Cr-473 – Sean Frerichs was sentenced to thirty-six (36) months of probation by the Honorable Judge Mary S. Scriven;

> 8:14-Cr-524 – Casey Kendall was sentenced to time served, followed by two (2) years of supervised release by the Honorable Judge Elizabeth A. Kovachevich.

Unlike the actions of the related defendants, Mr. Richards' actions did not result in the manufacturing of unlawful firearms, nor did his actions result in firearms ending up in the hands of prohibited persons. In light of the facts of this case and the degree of Mr. Richards' involvement, the undersigned respectfully requests that this Honorable Court impose a probationary sentence in this case, which is consistent with the sentences received by related defendants for similar conduct.

### Substantial Assistance

The undersigned reserves the right to present evidence to this Honorable Court during the sentencing hearing in support of a downward departure pursuant to U.S.S.G. § 5K1.1.

### Conclusion

Based on the forgoing, the undersigned will move at sentencing to ask this Honorable Court to grant any applicable departures and variances by taking into account the characteristics of the offense, the characteristics of the Mr. Richards, and all other relevant information. The undersigned respectfully requests that this Honorable Court impose a sentence of probation and not imprisonment in the present case.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the original of the foregoing has been furnished by Electronic Filing to Sheryl L. Loesch, Clerk of the Court, U.S. District Court, Middle District of Florida, located at U.S. Courthouse, 801 N. Florida Ave., #223, Tampa, FL 33602-3800, and that notification of this filing will be sent to all interested persons on this 11th day of September, 2015.

          Respectfully Submitted

          */s/ David E. Little*
          DAVID E. LITTLE, ESQ.
          Brown & Doherty, P.A.
          450 Carillon Parkway, Ste. 120
          St. Petersburg, FL 33716
          (727) 299-0099, Fax (727) 299-0044
          FBN 0089124
          david@brownanddoherty.com